UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK RIVERS, | : | CIVIL NO: 1:12-CV-02620 |
| Plaintiff | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| S.C.I. HUNTINGDON, *et al.*, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review. The plaintiff, Frederick Rivers, claims that the defendants violated the Eighth Amendment by not providing heat in his cell. Having reviewed the amended complaint in accordance with 28 U.S.C. § 1915A, we conclude that the claims against four of the defendants are barred by the Eleventh Amendment and that the amended complaint fails to state a claim upon which relief may be granted against the other two defendants. Thus, we recommend that the complaint be dismissed.

## II. Factual Background and Procedural History.

Rivers, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis*.

Rivers named the State Correctional Institution at Huntingdon (SCI-Huntingdon) as the defendant. After screening the original complaint, Judge Caldwell granted Rivers' application for leave to proceed *in forma pauperis,* dismissed the complaint because SCI-Huntingdon has Eleventh Amendment immunity, and granted Rivers leave to file an amended complaint naming individual prison officials or employees responsible for the lack of heat in his cell.

On March 19, 2013, Rivers filed an amended complaint naming six defendants. Two of those defendants are prison officials at the SCI-Huntingdon: Tabb Bickell, the Superintendent, and Mr. Bilger, the Safety Manager. Rivers again names SCI-Huntingdon as a defendant, and he also names as defendants the following three departments of SCI-Huntingdon: the maintenance department, the plumbing department, and the powerhouse department.

Rivers alleges that, on October 26, 2012, he was placed in a cell with no heat. According to Rivers, Pennsylvania law provides that the heat in state correctional institutions is to be turned on by October 15. Rivers alleges that he complained to corrections officers and staff, and he sent request slips about the lack of heat to Lieutenants Powell and Henery.[1] Lieutenant Powell told Rivers that he would call the maintenance department, and someone from the maintenance department came to

---

[1] Lieutenants Powell and Henery are not named as defendants in this case.

the cell to fix the heat. Nevertheless, the heat never came on. Rivers alleges that he then filed a grievance against the maintenance, plumbing, and powerhouse departments complaining about the lack of heat.

Rivers claims that placing him in a cell with no heat is a violation of the Eighth Amendment as well as state law. He seeks monetary damages.

## III. Discussion.

### A. Screening of *Pro Se* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged to review the amended complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir.2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed

4

factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir.1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679,

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain

more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B. Rivers's Claims Against SCI-Huntingdon and Its Departments Are Barred by the Eleventh Amendment.**

Despite Judge Caldwell's ruling that the claim against SCI-Huntingdon is barred by the Eleventh Amendment, Rivers continues to name SCI-Huntingdon as a defendant. He also names three departments of SCI-Huntingdon as defendants. Because of the Eleventh Amendment, these defendants are not proper defendants in a 42 U.S.C. § 1983 case, such as this case.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village*

*of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). A state, however, may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate states' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Pennsylvania Department of Corrections is a state agency, *see* 71 P.S. § 61, and SCI-Huntingdon and its departments are part of the Pennsylvania Department of Corrections. The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, Rivers's claims against SCI-Huntingdon and its

maintenance, plumbing, and powerhouse departments are barred by the Eleventh Amendment.

### C. The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendants Bickell and Bilger.

The amended complaint fails to allege that defendants Bickell and Bilger were personally involved with providing heat to his cell or that they knew of the lack of heat in his cell. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendants Bickell and Bilger.

Supervisory officials may be exposed to liability for constitutional claims only in certain, narrowly defined circumstances. Liability under Section 1983 "'cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1998)). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

There are two viable theories of supervisory liability. *Santiago v. Warminster Twp.*, 129 F.3d, 121, 129 n.5 (3d Cir. 2010). Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom that directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

In this case, Rivers has not alleged facts from which it can reasonably be inferred that defendants Bickell and Bilger were personally involved in providing heat to his cell or that they knew of the lack of heat in his cell. In fact, although defendants Bickell and Bilger are named in the caption of the amended complaint, the body of the amended complaint contains no allegations whatsoever concerning Bickell and Bilger. This lack of allegations regarding these defendants leads to the conclusion that Rivers is seeking to hold them liable solely on the basis of their supervisory roles as Superintendent and the Safety Manager of SCI-Huntingdon. Because respondeat superior is not a viable theory of liability in this context, defendants Bickell and Bilger cannot be liable on that basis. Rivers has failed to allege any facts showing that they were personally involved in the events underlying

his claims, and, thus, the amended complaint fails to state a claim upon which relief may be granted against defendants Bickell and Bilger.

Further, an Eighth Amendment claim, like the one raised by Rivers in this case, gives rise to a two-prong analysis: Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To state a claim upon which relief may be granted, a prisoner must satisfy both prongs of the Eighth Amendment standard, and, in this case, Rivers has failed to satisfy the subjective prong. Because Rivers has not alleged facts from which it can

reasonably be inferred that defendants Bickell and Bilger knew of the lack of heat in his cell, the amended complaint fails to allege the subjective component of an Eighth Amendment violation. Thus, for this reason as well, the amended complaint fails to state a claim upon which relief may be granted against defendants Bickell and Bilger.

**D. The Complaint Should Be Dismissed With Prejudice.**

In sum, the amended complaint fails to state a claim upon which relief may be granted against defendants Bickell and Bilger and the claims against SCI-Huntingdon and its departments are barred by the Eleventh Amendment. Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because of the Eleventh Amendment, Rivers cannot further amend his complaint to state a claim against SCI-Huntingdon and its departments, so leave to further amend as to those defendants would be futile.

We conclude that leave to further amend as to any other potential defendants would also be futile. When Judge Caldwell dismissed the original complaint and granted Rivers leave to file an amended complaint, he specifically advised Rivers

that he must name as defendants only individuals with direct involvement in his claim. Further, in our Order of February 4, 2013, we set forth for the benefit of Rivers the pleading standards under Fed.R.Civ.P. 8, the proposition that liability may not be based on respondeat superior, and the standards applicable to an Eighth Amendment claim. Despite being granted leave to file an amended complaint and being advised of the requirements to properly state a claim, Rivers failed to file an amended complaint that states a claim upon which relief may be granted. It would be futile to allow him another opportunity to amend.

## IV. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** the amended complaint be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3rd day of April, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge